# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| **Cintia Karen Crespo BARBOSA** and <br><br> **Carlos Henrique BARBOSA**, <br><br>       Petitioners, <br><br>    v. <br><br> **Kristen SMITH**, Field Office Director, USCIS Massachusetts-Lawrence Field Office, in her official capacity, 2 Mill Street, Lawrence, MA 01840; <br> **Denis RIORDAN**, District Director, USCIS Northeast Region, in his official capacity, John F. Kennedy Federal Building, Room E-160, Boston, MA 02203; <br> **Mark KOUMANS**, Acting Director, U.S. Citizenship and Immigration Services, in his official capacity; c/o Office of the General Counsel, U.S. Department of Homeland Security, 245 Murray Lane, SW, Mail Stop 0485, Washington, D.C. 20528; <br> **Chad WOLF**, Acting Secretary of Homeland Security, in his official capacity; c/o Office of the General Counsel, U.S. Department of Homeland Security, 245 Murray Lane, SW, Mail Stop 0485, Washington, D.C. 20528; <br><br>       Respondents. | Case No._____ <br><br> **PETITION FOR WRIT OF MANDAMUS AND OTHER INJUNCTIVE RELIEF** |

## INTRODUCTION

Petitioner Cintia Karen Crespo Barbosa ("Mrs. Barbosa") is a 37-year-old citizen of Brazil and Deferred Action for Childhood Arrivals ("DACA") beneficiary, brought by her parents to the United States as an undocumented seven-year-old child, who now seeks lawful permanent resident status in the United States through §245(i) of the Immigration and Nationality Act ("INA"). Mrs. Barbosa is a married mother of three who is employed as a Registered Nurse at Spaulding Rehabilitation Hospital. She has treated COVID-19 patients amid the global pandemic. Mrs. Barbosa (the principal green card applicant) and her husband, Petitioner Carlos Henrique Barbosa ("Mr. Barbosa," derivative green card applicant), have seen their applications languish at U.S. Citizenship and Immigration Services' ("USCIS") Lawrence, Massachusetts Field Office for almost a year-and-a-half since their final interview in February 2019. Normally, a green card is approved (or denied) within weeks of an interview. Mr. and Mrs. Barbosa paid processing fees to the United States Department of Homeland Security in the amount of $1225 each, and USCIS has a clear and unambiguous duty to adjudicate the Barbosas' green card applications, and to do so within a reasonable period of time. Based on experience, USCIS has had ample time to complete any document review and security checks required. The extraordinary length of delay – particularly in light of the couple's emotional torment due to extreme waiting, coupled with occupational and financial harm – is unreasonable.

The Barbosas seek an order compelling USCIS to adjudicate their green card applications, permitting the Barbosas to either adjust to lawful permanent resident status in the United States or to begin making alternate plans, which would likely include departing to a country where neither has lived in over 20 years, and separation from their U.S. citizen children.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. §1361 (mandamus statute); 28 U.S.C. §§ 2201, 2202 (declaratory judgment); and 5 U.S.C. §§ 555(b), 701-708 (Administrative Procedure Act).  *See also Yong Tang v.* Chertoff, 493 F. Supp. 2d 148 (D. Mass 2007); *Litvin v. Chertoff*, 586 F. Supp. 2d 9 (D. Mass 2008); *Taing v. Chertoff*, 526 F. Supp 2d 177 (D. Mass 2007); *Pishdadiyan v. Clinton*, No. 11-10723-JLT, 2012 U.S. Dist. LEXIS 21819 (D. Mass. Feb. 7, 2012) (recognizing the legitimacy of courts to exercise jurisdiction when government inaction is alleged).

Venue is proper within the District of Massachusetts under 28 U.S.C. § 1391(e)(1)(A) because (1) a substantial part of the events or omissions giving rise to the claim occurred in the District of Massachusetts, and Petitioners reside in the District of Massachusetts; and (2) there is no real property involved in this action.

## PARTIES

Petitioner Mrs. Barbosa is a Registered Nurse, long employed by the prestigious Spaulding Rehabilitation Hospital, Boston, MA.

Petitioner Mr. Barbosa is a skilled cabinet maker for a customs homes and renovations company in Needham, MA.

Kristen Smith is Director of USCIS's Lawrence, Massachusetts Field Office and is named as a Respondent in her official capacity.  Respondent Smith is primarily responsible for and has supervisory duties over the functions of the Lawrence Field Office, which is currently in possession of the Barbosas' applications.

Denis Riordan is District Director for USCIS's Northeast Region and is named as a Respondent in his official capacity.  Respondent Riordan is primarily responsible for and has

supervisory duties over the functions of USCIS's Northeast Region, which oversees and directs the operations of the Lawrence Field Office.

Mark Koumans is Acting Director of USCIS and is named as a Respondent in his official capacity. Respondent Koumans is primarily responsible for and has supervisory duties over the functions of USCIS, which processes and adjudicates all immigrant and nonimmigrant petitions filed in the United States and which oversees and directs the operations of its Northeast Region subdivision and Lawrence Field Office.

Chad Wolf is Acting Secretary of Homeland Security and is named as a Respondent in his official capacity. Respondent Wolf is primarily responsible for and has supervisory duties over the functions of the Department of Homeland Security, of which USCIS is a constituent agency.

## STATEMENT OF LAW AND FACTS

<u>'Reasonable Time' Requirement of APA and Title 5 Empowerment of Reviewing Court</u>

Section 555(b) of the Administrative Procedure Act clearly requires timeliness on the part of an agency:

> With due regard for the convenience and necessity of the parties or their representatives and **within a reasonable time, each agency shall proceed to conclude a matter presented to it.** 5 U.S.C. § 555(b). (emphasis added).

Further, Section 706(1) of Title 5 mandates:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall— (1) **compel agency action** unlawfully withheld or **unreasonably delayed**; 5 U.S.C. § 706(1). (emphasis added).

<u>Adjustment of Status to Lawful Permanent Residence Status under Section 245(i) of the INA</u>

In 1986, Congress enacted the Immigration Reform and Control Act ("IRCA"), which created a legalization program that "allow[ed] existing undocumented aliens to emerge from the shadows" and gain legal residency in the United States. *McNary v. Haitian Refugee Ctr.,* 498 U.S. 479, 483, 111 S. Ct. 888, 112 L. Ed. 2d 1005 (1991). IRCA provided undocumented aliens who had resided continuously in the United States since January 1, 1982, with the opportunity to apply to the INS for legal resident status. *See* 8 U.S.C. § 1255a; INA § 245(i). The LIFE Act was enacted on December 21, 2000. Pub. L. No. 106-554, § 1101, 114 Stat. 2763 (codified as amended at 8 U.S.C. § 1255 (Dec. 21, 2000)). "It extended the grandfathering provision of [the IRCA] § 245(i), offering adjustment of status to anyone present in the United States, legally or illegally, who had a petition for an immigrant visa submitted on his or her behalf by April 30, 2001." *Piranej v. Mukasey,* 516 F.3d 137, 140 n.5 (2d Cir. 2008).

Among the qualifying immigrant petitions under § 245(i) is a timely filed USCIS Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant. *See* https://www.uscis.gov/i-360. The Form I-360 sets forth a list of qualifying Special Immigrants. The first subclassification of Special Immigrant is a Religious Worker. *Id.*

Further, to establish eligibility under § 245(i), a petition must be "approvable when filed":

> *Approvable when filed* means that, as of the date of filing of the qualifying immigrant visa petition under section 204 of the Act or qualifying application for labor certification, the qualifying petition or application was properly filed, meritorious in fact, and non-frivolous ("frivolous" being defined herein as patently without substance). This determination will be made based on the circumstances that existed at the time the qualifying petition or application was filed. 8 C.F.R. § 245.10(a)(3).

<u>The Barbosas Have Followed Standard Procedure for the Timely Filing of Green Card Petitions and Respondents Have Unreasonably Withheld a Decision</u>

Prior to April 30, 2001, an attorney for Mrs. Barbosa's father, Mr. Otacilio Crespo, a then-citizen of Brazil, mailed to USCIS[1] a Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant under the subclassification of Religious Worker, due to his work with a Brazilian community church, the Assembly of God in Boston (now the Revival Church for the Nations, located in Everett).

Later, Mr. Crespo filed to adjust status to that of lawful permanent resident, which he would successfully obtain. By that time, Mrs. Barbosa had already married Mr. Barbosa,[2] and was thus no longer eligible to obtain a green card as a married adult child of a lawful permanent resident (Mr. Crespo).

Following a required and lengthy Department of Labor PERM labor certification process (testing the labor market for able, willing, qualified, and available U.S. workers for a green card position offered to a foreign national), on August 14, 2017 Spaulding Rehabilitation Hospital filed with USCIS a Form I-140, Petition for Alien Workers on Mrs. Barbosa's behalf. USCIS approved the petition on August 23, 2017.

With an approved I-140 for Mrs. Barbosa in hand, on October 17, 2017 the Barbosas both filed with USCIS the Form I-485, Application to Register Permanent Residence or Adjust Status.

Unconvinced that Mrs. Barbosa's father had timely filed his Form I-360 petition in 2001 and therefore holding that Mrs. Barbosa (and thus Mr. Barbosa) was ineligible to adjust status under § 245(i), on June 12, 2018 USCIS denied the Barbosas' Form I-485 petitions.

---

[1] As the Department of Justice/Immigration and Naturalization Service's ("DOJ"/"INS") "Yates Memo" on 245(i) Postmarks, Filing & Fees of April 30, 2001 explains, a March 26, 2001 rule change established that "Immigrant visa petitions **postmarked** on or before April 30, 2001 will also be deemed timely filed and thus qualified for eligibility under Section 245(i)." (emphasis in original). *See* https://www.aila.org/infonet/ins-memo-on-245i-postmarks-filing-fees

[2] The couple were married in the Commonwealth on August 17, 2002.

On July 16, 2018, the Barbosas filed with USCIS a Motion to Reconsider and Reopen, explaining that the adjudicator, in light of the DOJ/INS's 2001 postmarking rule, *supra,* was legally incorrect in their determination that Mr. Crespo's Form I-360 – physically received by USCIS on May 9, 2001 – had not been timely filed.

On October 2, 2018, apparently recognizing its legal error, USCIS agreed to reopen and reconsider the Barbosas' green card applications.

Pursuant to normal protocol, USCIS scheduled a final interview for the Barbosas at the Lawrence Field Office on February 19, 2019, which the couple attended.

On April 9, 2019, USCIS issued a Notice of Intent to Deny ("NOID") the Barbosas' applications, invoking new areas of contention tied to Mr. Crespo's 2001 Form I-360 petition and Mrs. Barbosa's §245(i) eligibility not previously raised in the prior (erroneous) Denial of June 12, 2018. Among the novel issues: alleged "inconsistencies" in Mr. Crespo's immigration history, Mr. Crespo's ties to the Assembly of God church (now the Revival Church for the Nations), a later fraud conviction against Mr. Crespo's prior immigration attorney, and the later withdrawal of Mr. Crespo's Form I-360 petition. Petitioners will not take this Court's time rehashing the incorrect and/or immaterial points of the NOID which, in the end, do not foreclose Mrs. Barbosa's (and thus, Mr. Barbosa's) eligibility to adjust status under §245(i). The Barbosas responded to the NOID on May 8, 2019.

The NOID of more than one year ago – April 9, 2019 – was the last affirmative communication from USCIS pertaining to the Barbosas' green card applications.

Almost five months after the NOID response was transmitted, on or about September 26, 2019 counsel mailed correspondence to the Lawrence Field Office noting that the Barbosas had

been interviewed at the office on February 19, 2019, and a decision on their applications had yet to be rendered. USCIS did not respond.

On December 5, 2019, counsel lodged an online case inquiry with USCIS.

On December 16, 2019, USCIS generated an e-mail reply communicating that the Barbosas' case "remains under active examination."

On or about May 27, 2020, counsel again mailed correspondence to the Lawrence Field Office, noting that more than a year had passed since the Barbosas' interview, with no final decision on the couple's applications. USCIS did not respond.

On June 29, 2020, as a courtesy, counsel e-mailed Respondents Riordan and Smith, making them aware of the intent to promptly file this petition with the Court unless action could be taken on Petitioners' case that would make litigation unnecessary. Respondents Riordan and Smith did not reply.

<u>The Barbosas Face Significant Hardship Due to Respondents' Inaction and the "TRAC Factors" Support their Claim of Unreasonable Agency Delay</u>

In determining whether or not an agency delay is unreasonable for the purposes of APA/Mandamus suits, numerous courts have adopted the so-called "TRAC Factors" outlined in *Telecomms, Research & Action Ctr. v. F.C.C.* ("TRAC"), 750 F. 2d 70, 80 (D.C. Cir. 1984). *See, e.g., Brower v. Evans*, 257 F. 3d 1058, 1068 (9th Cir. 2001); *Kashkool v. Chertoff*, 553 F. 10Supp. 2d 1131, 1147 (D. Ariz. 2008). Among the TRAC factors are considerations of the hardships imposed by the delayed agency action, including the guidance that delays are less tolerable "when human health and welfare are at stake" rather than just economic interests. TRAC. Additionally, the reasonableness of the delay must be judged in light of Respondents' justifications for such delays. *Kashkool* (citing *Fraga v. Smith*, 607 F. Supp. 517, 522 (D.Or.1985)). In *Yong Tang v.*

*Chertoff*, 493 F. Supp. 2d 148 (D. Mass 2007), Judge Gertner wrote, "an agency [does not] have sole discretion to define what is reasonable time under the APA, which would render §706(1)'s clearly mandatory language that the 'reviewing court shall compel agency action unlawfully withheld or unreasonably delayed' … Nor are reviews of the pacing action judicially unmanageable." *Yong Tang* at 155.

Here, more than just the Barbosas' economic interests are at stake. Beyond the significant funds the Barbosas have invested in their applications and the ongoing work to compel an end to Respondents' inaction, the Barbosas suffer from the uncertainty, instability and anxiety they have been plunged into for over a year now. As long as their applications languish, the Barbosas are effectively frozen in place, unable to make decisions concerning their future and that of their U.S. citizen children, and unable to make long-term assurances to their respective employers, not knowing if they will be able to continue their careers. For Mrs. Barbosa as a Registered Nurse, particularly, her personal and professional development is in jeopardy, as losing her position at Spaulding Rehabilitation Hospital would sever a valuable avenue of ongoing education and experience.

Mr. and Mrs. Barbosa wake up each day and go to bed each night with real anxiety as to their future in the United States, with Respondents unreasonably holding their fate in suspension. It is nerve-wracking, and Respondents must act.

<u>The Barbosas Have Exhausted All Other Potential Remedies</u>

As laid out in detail *supra,* in light of Petitioners' ongoing compliance with USCIS protocols; their and Spaulding Rehabilitation Hospital's multiple filings, as required to obtain lawful permanent resident status; the Barbosas' mandated attendance at the Lawrence Field Office for a final interview; Petitioners' comprehensive response to a post-interview NOID that raised

novel issues; and counsel's diligent, repeated inquiries into the Barbosas' case status and attempts to move USCIS to make an adjudication, the Barbosas are left with no other recourse than to file the instant petition. The Barbosas have contacted the only entity they know to be responsible for processing their green card applications, and they are left with no other way to receive timely adjudication.

## CAUSES OF ACTION

### Count I: Request for Relief under the Mandamus Act

Petitioners repeat and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

Mandamus is available to compel a federal official or agency to perform a duty if: (1) the plaintiff has a clear right to the relief requested; (2) defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. *See* 28 U.S.C. § 1361; *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002).

The Barbosas have fulfilled all requirements for USCIS to adjudicate their green card applications, and have submitted all necessary information and evidence in support of those filings.

Having been properly completed and executed, Respondents have a clear, ministerial, and nondiscretionary duty to adjudicate the applications. 8 U.S.C. 1153(e)(1). *See Litvin v. Chertoff,* 586 F. Supp 2d 9 at 11 (D. Mass 2008) (holding "the government has a nondiscretionary duty to act on applications by processing. This duty is consistent with § 555(b) of the APA, which requires that agency actions be completed within a reasonable time."). The Barbosas, therefore, have a clear and certain right to receive a decision on their filings. *See also Villa v. DHS*, 607 F. Supp.

2d 359, 365 (N.D.N.Y. 2009) (finding that §555(b) requires USCIS to adjudicate applications within a reasonable time).

The Barbosas have exhausted all possible remedies, making the issuance of a writ of mandamus the only remaining and available recourse. The unreasonable amount of time – from the date of the final interview to the present – Respondents have taken to adjudicate the Barbosas' applications has already caused them particularized and concrete emotional, occupational and financial harm, and is poised to cause further harm. As such, it is unreasonable.

## Count II: Request for Relief Under APA

Section 555(b) of the Administrative Procedure Act mandates timeliness on the part of an agency:

> With due regard for the convenience and necessity of the parties or their representatives and **within a reasonable time, each agency shall proceed to conclude a matter presented to it.** 5 U.S.C. § 555(b). (emphasis added).

And Section 706(1) of Title 5 directs the reviewing court to "**compel agency action** unlawfully withheld or **unreasonably delayed.**" 5 U.S.C. § 706(1). (emphasis added).

The Department of Homeland Security and USCIS have promulgated regulations setting forth the process for the processing and adjudication of applications of persons seeking lawful permanent resident status in the United States.

The Barbosas have satisfied those regulations in applying for their green cards.

Respondents have unlawfully withheld adjudication of the Barbosas' applications despite accepting their materials and payment of fees, and without any good faith explanation for the unreasonable delay.

Respondents' failure to adjudicate constitutes final agency action reviewable by this Court under 5 U.S.C. § 704 because it is a "failure to act." 5 U.S.C. §551(13). Respondents' inaction

has caused particularized and concrete injury to the Barbosas, with further impending injury if inaction persists.

## PRAYER FOR RELIEF

WHEREFORE, Mr. and Mrs. Barbosa respectfully request that this Court:

A. Issue a writ of mandamus ordering Respondents to adjudicate the Barbosas' green card applications within 30 days;

B. Declare that Respondents' delay in adjudicating Mr. and Mrs. Barbosa's green card applications is unreasonable and violates the APA, and that they are entitled to prompt adjudication within 30 days;

C. Award reasonable costs and attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

D. Grant such further relief as the Court deems just and proper.

Respectfully submitted,
Cintia Karen Crespo Barbosa and
Carlos Henrique Barbosa,
through counsel,


/s/ Jeffrey W. Goldman
Jeffrey W. Goldman, Esq. (BBO# 548056)
Jeff Goldman Immigration, LLP
125 Washington Street, Suite 204
Salem, MA 01970
(978) 219-5055
jeff@jeffgoldmanimmigration.com

# INDEX OF EXHIBITS

**EXHIBIT A**   I-821D DACA Renewal Approval Notice for Cintia Karen Crespo Barbosa

**EXHIBIT B**   I-140 Approval Notice for Cintia Karen Crespo Barbosa of August 23, 2017

**EXHIBIT C**   Notice of February 19, 2019 USCIS Interview for Cintia Karen Crespo Barbosa and Carlos Henrique Barbosa and Confirmation of Attendance

**EXHIBIT D**   Notice of Intent to Deny of April 9, 2019

**EXHIBIT E**   Proof of FedEx of Response to Notice of Intent to Deny of May 8, 2019

**EXHIBIT F**   All Correspondence Transmitted to USCIS, Respondents

**EXHIBIT G**   Media Coverage of Mrs. Barbosa's Work Treating COVID-19 Patients

**EXHIBIT H**   Letters of Recommendation from Colleagues at Spaulding Rehabilitation Hospital

**CERTIFICATE OF COMPLIANCE**

Under Federal Rule of Civil Procedure 11, by signing below I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

        Cintia Karen Crespo Barbosa and
        Carlos Henrique Barbosa,
        through counsel,


        /s/ Jeffrey W. Goldman
        Jeffrey W. Goldman, Esq. (BBO# 548056)
        Jeff Goldman Immigration, LLP
        125 Washington Street, Suite 204
        Salem, MA 01970
        (978) 219-5055
        jeff@jeffgoldmanimmigration.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2020, I electronically filed the foregoing petition with the Clerk of Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

/s/ Jeffrey W. Goldman
Jeffrey W. Goldman, Esq. (BBO# 548056)
Jeff Goldman Immigration, LLP
125 Washington Street, Suite 204
Salem, MA 01970
(978) 219-5055
jeff@jeffgoldmanimmigration.com
